UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:12-cv-60082-RNS

SECURITIES AND EXCHANGE COMMISSION,

 Plaintiff,

v.

BANKATLANTIC BANCORP, INC. and ALAN
B. LEVAN,

 Defendants.
_____/

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE
THE OPINIONS AND TESTIMONY OF THE
SEC'S EXPERT WITNESS LYNN E. TURNER**

            STEARNS WEAVER MILLER WEISSLER
            ALHADEFF & SITTERSON, P.A.
            Eugene E. Stearns
            Gordon M. Mead, Jr.
            Cecilia Duran Simmons
            Matthew C. Dates
            Andrea N. Nathan
            Museum Tower, Suite 2200
            150 West Flagler Street
            Miami, Florida 33130
            Telephone:  (305) 789-3200
            Facsimile:   (305) 789-3395

Defendants BBX Capital Corporation ("BBX"), successor to BankAtlantic Bancorp, Inc., and Alan B. Levan respectfully move, pursuant to Federal Rules of Evidence 403, 702-04, and *Daubert v. Merrell Dow Pharms., Inc.* 509 U.S. 579 (1993), to exclude the testimony and proffered opinions of the SEC's expert witness, Lynn E. Turner as follows:

1. Turner must be precluded from offering *any* testimony in this matter as he did not employ *any* "intellectual rigor" in reaching the conclusions presented to this Court, much less the degree of rigor required of the accounting profession. *Kumho Tire Co. v. Carmichel*, 526 U.S. 137, 152 (1999) (the trial court must "make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field"). An opinion by an accounting professional critiquing the accounting and regulatory disclosures made by BBX could only be derived from analysis of a complex body of detailed information which Turner did not, *in the slightest*, undertake.[1] A professional standard exists as to the work that must have been done before accounting conclusions could be reached.[2] He failed to meet that standard. Having failed to engage in any of the work necessary to provide competent testimony, Turner's role — an impermissible one — is that of a parrot, repeating the fanciful theories advanced by the SEC.

2. While it may be appropriate for the Court to listen to Turner's views of what a law or regulation says or means, Turner's erroneous opinions on these issues cannot be given to a jury as it is the exclusive function of the Court to address, resolve, and instruct on matters of law, including in this case, accounting principles adopted by regulatory authorities.

---

[1] At first blush this may appear as hyperbole. Sadly, it is not. Turner agreed to provide to the SEC the testimony it sought in August 2012. In the next eight months, he spent a grand total of 3 hours working on this matter. In the remaining twenty-five days before his Report, written by others, was filed, he spent thirty-five hours on the matter.

[2] For example, the SEC argues that PricewaterhouseCoopers LLP or PwC's support for the accounting treatments in question could not be appropriate because it did not consider every bit of information on the subject. The SEC's purported expert concluded that PwC's conclusions were wrong, having considered *no* information until after his opinion was reached. Rather than marshal facts to form his conclusions, he marshaled his conclusions and then formed his facts.

1

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

3. With respect to the "held for sale" issue, the following positions advanced by the SEC and parroted by Turner in conclusions formed by others must be excluded as a matter of law:

   a. His opinion that BBX and Alan Levan *intended* in the fourth quarter of 2007 to sell certain whole loans ("mind reading" is not a proper subject of expert testimony);

   b. Any opinion that a sufficiently orderly market existed for BankAtlantic to sell whole loans in the fourth quarter of 2007 (he disclaimed having done any such analysis at his deposition and has previously written that no such market existed and offers no competent basis for establishing a contrary opinion here);

   c. His opinion as to the value of BankAtlantic loans in the fourth quarter of 2007 for purposes of BBX's financial statements (the basis of his opinion of value is patently frivolous, relies on spurious information dated after the reporting period, and ignores applicable accounting principles, and Turner also lacks the expertise to opine on the market value of loans secured by Florida real estate in 2007).

4. With respect to the allegations of non-disclosure or misleading disclosure in the first and second quarters of 2007, the following positions offered as opinions of Turner must be excluded as a matter of law:

   a. His opinion that BBX violated securities laws by failing to disclose changes in internal loan grades (it is an undisputed fact that the vast majority of publicly reporting banks declined to publish loan grades at the urging of all federal bank regulators and it is undisputed that disclosing the substance of what would be learned from internal loan grades, which BBX did, is perfectly appropriate);

   b. His opinion that changes in internal loan grades for some land loans constituted a trend requiring disclosure;

   c. His opinion that BBX was required to disclose the number and amount of loan extensions in the first and second quarter of 2007 (the vast majority of financial institutions do not make such disclosures and Turner has no

2

  knowledge of the condition of the loans that were extended thus he fails to provide any connection between a loan extension and an increased risk of loss);

d. His opinion that non-BLB commercial real estate loans were just as risky as BLB loans and that the market should have been told as much (it is indisputable that the risk was not the same and the Company correctly weighed the relative risks and advised the market accordingly and timely);

e. Any opinion that the Company failed to disclose "crumbling creditworthiness of the loans within BankAtlantic's commercial real estate land acquisition and development portfolio in Q 1 and Q2 of 2007";[3]

f. His opinion that a company can be guilty of violating securities laws for failing to include in a Form 10-Q information disclosed in an earnings conference call (Turner's opinion is nothing but a legal conclusion and an incorrect one at that); and,

g. His opinion regarding BBX's and Levan's alleged intent to defraud or deceive (another's intent is not a proper subject of expert testimony).

---

[3] We raise this issue which was not included in Turner's expert witness report or deposition testimony simply to bring to the attention of the Court the SEC's attempt to morph the case it brought into something else. In raising it to make certain that it is not an expansion of testimony after the close of discovery, Defendants are not waiving their right to exclude such an argument on the basis that it is a new position, not timely raised.

3

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

/s/ Eugene E. Stearns
EUGENE E. STEARNS
Florida Bar No. 149335
estearns@stearnsweaver.com
GORDON M. MEAD, JR.
Florida Bar No. 49896
gmead@stearnsweaver.com
CECILIA D. SIMMONS
Florida Bar No. 469726
csimmons@stearnsweaver.com
MATTHEW C. DATES
Florida Bar No. 90994
mdates@stearnsweaver.com
ANDREA N. NATHAN
Florida Bar No. 016816
anathan@stearnsweaver.com

*Attorneys for Defendants*

4

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or other approved means.

                                      /s/ Gordon M. Mead, Jr.
                                      GORDON M. MEAD, JR.

Stearns Weaver Miller Weissler Alhadeff & Sitterson, p.a.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## SERVICE LIST

*Securities and Exchange Commission v. BankAtlantic Bancorp, Inc. and Alan B. Levan*
Case No. 0:12-cv-60082-RNS
United States District Court, Southern District of Florida

James M. Carlson
carlsonja@sec.gov
Russell Koonin
kooninr@sec.gov
Brian P. Knight
knightb@sec.gov
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue
Suite 1800
Miami, FL 33131
Telephone: (305) 982-6300
*Attorneys for Plaintiff*