UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-cv-60082-RNS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
vs.

BANKATLANTIC BANCORP, INC. and
ALAN B. LEVAN,

    Defendants.
_____/

## Omnibus Order on Pending, Non-Referred Motions in Limine

THIS MATTER is before the Court for consideration of the following Motions in Limine which have not been referred to the Magistrate Judge:

1. Defendants' Motion in Limine to Exclude Pejorative References to Jarett Levan and Incorporated Memorandum of Law [ECF No. 150];
2. Defendants' Motion to Exclude the Testimony of Michael Sovis and Incorporated Memorandum of Law [ECF No. 151];
3. Defendants' Motion to Exclude Evidence and Testimony of Two Analysts Who Misread BBX's Public Filings and Incorporated Memorandum of Law [ECF No. 152];
4. Defendants' Motion in Limine to Exclude Evidence of Securities Fraud for Disclosures Prior to First Quarter 2007 and Incorporated Memorandum of Law [ECF No. 153];
5. Defendants' Motion in Limine to Exclude the Testimony of Richard Bove or, in the Alternative, Any Reference by the SEC to the Civil Action Entitled BankAtlantic, et al. v. Richard Bove, et al. and Incorporated Memorandum of Law [ECF No. 154];
6. Defendants' Motion in Limine to Exclude New, Unpleaded Claim and Incorporated Memorandum of Law [ECF No. 157];
7. Defendants' Motion in Limine to Introduce Evidence of Non-Receipt of TARP Funds and Incorporated Memorandum of Law [ECF No. 160];
8. Defendants' Motion in Limine to Exclude Anonymous Letter to the SEC and Incorporated Memorandum of Law [ECF No. 165] (filed under seal);
9. Defendants' Motion in Limine to Exclude Certain Perry Alexander and Amy Engelberg Emails and Incorporated Memorandum of Law [ECF No. 164] (filed under seal); and

  10. Plaintiff SEC's Omnibus Motion in Limine and Incorporated Memorandum of Law [ECF No. 161];

### Standard for Ruling on Motions in Limine

A motion *in limine* is made before a trial has begun for the purpose of excluding or including certain evidence. 20 Am. Jur. *Trials* 441 § 2 (1973). *In limine* rulings are not binding on a trial court and remain subject to reconsideration during the trial. *Stewart v. Hooters of Am., Inc.*, 04-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Id.* Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* If evidence is not clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.*

**1. Defendants' Motion in Limine to Exclude Pejorative References to Jarett Levan [ECF No. 150]**

Evidence of Jarett Levan's age, experience and relationship to Defendant Alan Levan is probative of relevant issues in the case. Based upon his age and experience, there is a legitimate question as to whether he was qualified to be placed in the positions of President of the bank and then CEO of the bank and then as a voting member of the bank's Major Loan Committee or whether he obtained those positions due to nepotism. If he was not qualified for these positions, this calls into question the lack of appropriate internal controls at the bank. This motion is **denied.**

**2. Defendants' Motion in Limine to Exclude the Testimony of Michael Sovis [ECF No. 151]**

The Defendants' motion seeks to exclude the testimony of Sovis, an investor who purchased stock in the bank shortly before the bank's announcement of its 2007 third-quarter losses. The Defendants' claim is that since Sovis did not review the bank's filings with the SEC, he could not have been defrauded by any false statements in those filings. Thus, the Defendants claim he has no information that is probative of any relevant issues in the trial. But, Sovis did consult and review several secondary sources and did attempt to educate himself on the bank's financial worthiness prior to his purchase. The fact that he cannot identify with specificity which sources provided what information is fodder for cross-examination but is not a reason to exclude his testimony. Further, the SEC must establish the materiality of the Defendants' false statements and omissions and testimony that an investor relied on false

or misleading information is directly relevant to materiality.  This motion is **denied.**

3. **Defendants' Motion to Exclude Evidence and Testimony of Two Analysts Who Misread BBX's Public Filings and Incorporated Memorandum of Law [ECF No. 152]**

The basic premise of the Defendants' motion is that the two analysts, the Morningstar Report and Blake Howell got it wrong and therefore should be excluded.  But, the mere fact that a party thinks it can prove a witness is wrong is not grounds for exclusion of that witness' testimony.  The jury is the trier of fact and it is their duty to resolve disputed issues of fact.  This motion is **denied.**

4. **Defendants' Motion in Limine to Exclude Evidence of Securities Fraud for Disclosures Prior to First Quarter 2007 and Incorporated Memorandum of Law [ECF No. 153]**

The parties seem to be in agreement on the resolution of this motion.  In their motion, the Defendants acknowledge that "BBX's public disclosures prior to the first quarter of 2007 are certainly relevant as part of a factual fabric for the events that later transpired."  But, the Defendants claim that any inference, suggestion or argument that anything written before April 2007 was fraudulent, false, an omission, or a misrepresentation would be improper and prejudicial and would expand the trial into areas beyond the discovery and expert testimony.  The SEC acknowledges that it should be prohibited from arguing or implying that the bank committed any fraud during 2006.  But, part of the SEC's claim in this trial is that by the time of its first quarter 2007 filings, the bank and Levan were aware of a trend of declining credit quality in some of the bank's loans dating back to 2006.  The SEC believes it is entitled to introduce evidence of the declining credit quality of the loan portfolio during 2006 and 2007 as well as evidence tending to establish that the bank's management knew about the crumbling condition of the portfolio during that time period.  This motion is **granted in part and denied in part.**  The SEC may not introduce evidence or testimony or make any argument that the bank or its management was involved in any fraud before January 2007.  The SEC may introduce evidence and testimony to establish the trend of declining credit quality of certain loans and management's knowledge of that trend during 2006 and 2007.

5. **Defendants' Motion in Limine to Exclude the Testimony of Richard Bove or, in the Alternative, Any Reference by the SEC to the Civil Action Entitled BankAtlantic, et al. v. Richard Bove, et al. and Incorporated Memorandum of Law [ECF No. 154]**

The Defendants seek to exclude the testimony of Richard Bove, the author of the Bove Report. That report published an unfavorable analysis of the bank in July 2008. That report led to a lawsuit by the Defendants against Bove for defamation and negligence. That lawsuit was eventually settled on confidential terms but it is clear from statements made by Bove that he harbors much vitriol for the bank, Levan and the Stearns Weaver law firm. The SEC concedes in its response that the testimony of Bove and the Bove report is not relevant for its case in chief but if the Defendants introduce the analyst reports of Al Savastano, Sandler O'Neill and Stephens, Inc. or others, it should be allowed to introduce the testimony of Bove and the Bove Report to rebut these other analysts' testimony/reports. The motion is **granted in part**. The SEC may not present the testimony of Bove or introduce the Bove Report unless the Defendants introduce the testimony or report(s) of Al Savastano, Sandler O'Neill or Stephens, Inc. or other analysts. If Bove does testify, the Court will colloquy him outside the jurors' presence to make sure he does not blurt out any matters prejudicial to the Defendants or their counsel.

6. **Defendants' Motion in Limine to Exclude New, Unpleaded Claim and Incorporated Memorandum of Law [ECF No. 157]**

The Defendants claim that the SEC improperly amended its claims and expanded the scope of its allegations against the Defendants in its Response to the Defendants' Motion for Summary Judgment. But, a plaintiff "may not amend [its] complaint through argument in a brief opposing summary judgment" to raise a new claim. *Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir. 2004). The proper procedure is to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a).

The Defendants claim that in its original Complaint and in the operative Amended Complaint, the SEC has alleged that the bank and Levan defrauded investors by "not timely disclosing a known trend regarding extended and downgraded loans"; by not disclosing a large number of loans were "extended and/or internally downgraded to a non-passing grade" which "constituted a known trend"; by failing "to disclose in the MD & A the known trend that BankAtlantic had extended and/or downgraded to a non-passing status a material number of loans"; and, by failing to "disclose in the MD & A the known trend that BankAtlantic had already extended and/or downgraded to a non-passing status a material number of loans." But, in its Response to the Defendants' Summary Judgment Motion, the SEC claims that the Defendants failed to disclose a "known trend of crumbling creditworthiness," which

Defendants contend constitutes a new and unpleaded claim. The SEC points to the very first paragraph of the Amended Complaint to support its position that there is no new and unpleaded claim: "BankAtlantic Bancorp, Inc. ('Bancorp') and its CEO and Chairman, Alan B. Levan, defrauded investors by: not timely disclosing a known trend regarding extended and downgraded loans in its commercial residential real estate land acquisition and development portfolio (the 'Commercial Residential' portfolio)." (ECF No. 34 at 1.)

The Court finds that the SEC has not interjected a new and unpleaded claim in the case. The gist of the SEC's allegations is that the Defendants failed to disclose a trend of declining credit quality in the portfolio. That gist is easy to glean from the specific allegations regarding extended and downgraded loans. If the SEC chooses to encapsulate that gist in an artful phrase—"a known trend of crumbling creditworthiness"—it may do so. The SEC is not tethered to the precise phrasing of its complaint. This motion is **denied.**

7.  **Defendants' Motion in Limine to Introduce Evidence of Non-Receipt of TARP Funds and Incorporated Memorandum of Law [ECF No. 160]**

    In light of the negative publicity concerning the banking industry in general and the public's negative perception of banks and bankers, the Court sees little harm—and much good—from disclosing to the jurors that BBX did not receive any funds from TARP. In fact, in its introductory comments to the prospective jurors, the Court intends to include that fact since many prospective jurors may harbor more negative feelings against banks which they perceive were "bailed out" by the US government. There is some minimal probative value to this evidence and no prejudice to the SEC. This motion is **granted.**

8.  **Defendants' Motion in Limine to Exclude Anonymous Letter to the SEC and Incorporated Memorandum of Law [ECF No. 165] (filed under seal)**

    Although this motion was filed under seal, since both parties generally agree that the anonymous letter is not admissible, the Court will rule as part of this Omnibus Order without a discussion of the substance of the motion or letter. This motion is **granted in part**. The SEC may not use the letter or solicit any testimony concerning the letter in its case in chief. Like any ruling in limine, if a party opens the door for its admission the Court is always free to reconsider its pretrial ruling. Also, if the SEC intends to utilize the letter to refresh recollection or impeach a witness, it must first seek permission of the Court to do so outside the presence of the jurors.

9. **Defendants' Motion in Limine to Exclude Certain Perry Alexander and Amy Engelberg Emails and Incorporated Memorandum of Law [ECF No. 164] (filed under seal)**

Once again, although this motion was filed under seal, the Court can set forth its ruling without discussing the substance of the emails. The Court finds that the emails are admissible as statements of a party-opponent. The Court further finds that the probative value of the emails as a whole far outweighs any unfair prejudicial effect. If the Defendants have a specific objection to a specific email or portion thereof, that objection can be addressed during the trial. This motion is **denied.**

10. **Plaintiff SEC's Omnibus Motion in Limine and Incorporated Memorandum of Law [ECF No. 161]**

The Plaintiff's Omnibus Motion actually contains 8 distinct motions in limine which the Court will address serially:

A. *To Exclude Evidence and Argument of BankAtlantic's History and Character Evidence Related to Levan.*

By this motion, the SEC seeks to prevent or limit the Defendants from discussing the bank's history and Levan's role in that history. The SEC claims that such evidence would constitute impermissible character evidence. The Defendants respond that the evidence of Levan's history at the bank was a "critical part of this thought process in his contemporaneous consideration of an extremely complex matrix of facts." The Court agrees with the Defendants that such evidence is admissible. This motion is **denied**. The Defendants are reminded, however, that the Court's ruling on its Motion in Limine to Exclude Evidence of Securities Fraud for Disclosures before 2007 would certainly be open to reconsideration once the Defendants introduced evidence of goings on at the bank and with Levan before 2007.

B. *To Exclude Evidence and Argument Regarding PwC's "Look Back Analysis"*

The Court defers ruling on this motion pending further briefing from the parties. The parties shall advise the court as to how, if at all, the Court's ruling—which granted partial summary judgment to the SEC and eliminated the Defendants' affirmative defense of reliance on the advice of accountants—impacts the admissibility of the "Look Back Analysis." The parties shall each submit briefs on this question of no more than 10 pages no later than October 25, 2013.

*C.     To Exclude Evidence and Argument Regarding Remedies the Commission Seeks Against Defendants in the Case.*

The parties have agreed that this evidence and argument should be excluded. This motion is **granted.**

*D.     To Exclude Evidence and Argument Regarding the Purported Accuracy of BBX's Loan-Loss Reserves*

The SEC seeks to exclude evidence that BBX's disclosures concerning its loan-loss reserves are accurate because its Amended Complaint does not allege any fraud in BBX's loan loss reserve calculations during the first two quarters of 2007. However, the Court finds that the Defendants' disclosures concerning its financial condition during the relevant time periods constitute relevant evidence in the case. This motion is **denied.**

*E.     To Exclude Evidence and Argument Regarding the Disclosures and Performance of Other Banks*

The SEC seeks to exclude evidence and testimony comparing BBX's disclosures and performance with other banks. The Defendants respond that such evidence is relevant to rebut the claim that they acted with scienter. The Court finds that such evidence is only admissible to the extent Levan or anyone else at the bank knew of the disclosures and performance of other banks and relied upon that knowledge in their activities and decision-making process. This motion is **granted in part and denied in part.** To the extent the proffered evidence does not meet this requirement, the motion is granted. To the extent the proffered evidence does meet this requirement, it is denied.

*F.     To Exclude Evidence and Argument Regarding OTS' Purported Prohibition in Disclosing Loan Grades*

The SEC seeks to prevent the Defendants from introducing evidence that the Office of Thrift Supervision prohibits the disclosure of internal loan grades in the MD & A section of the 10-Q filing. The SEC posits that such evidence would mislead and confuse the jury since the SEC's claim is that the Defendants' failure to disclose that its CR Portfolio was crumbling is the gravamen of the fraud, not disclosures in the MD & A section of the 10-Q filing. The Defendants respond that since an essential element of the SEC's claim is an intent to defraud, conceal, and mislead it should be allowed to introduce evidence of the Defendants' overall disclosures as well as evidence to establish that it had fully complied with other federal agencies' disclosure requirements during the same time period. The Court finds that this evidence is relevant and material to the Defendants' overall state of mind and is admissible. This motion is **denied**.

*G.   To Exclude Evidence and Argument Regarding Accusations of Selective Prosecution, Reference to the Government's Trouble Asset Relief Program (TARP) and the Bank's Financial Condition*

The SEC seeks an order prohibiting the Defendants from presenting evidence or making arguments that is was singled out for selective prosecution. The Defendants have agreed that it will make no such arguments. This part of the motion is **granted by agreement.**

The Court has separately ruled that the fact that the bank did not receive TARP funds should be presented to the jury—preferably by stipulation or a brief reference in the testimony. However, the Defendants have agreed that they will not use this evidence to argue that they have been singled out for prosecution because they did not accept TARP funds. This part of the motion is **denied**.

*H.   To Exclude Evidence and Argument Regarding the Commission's Investigation of Bernard Madoff and Others During the Financial Crisis*

The SEC seeks to exclude any evidence and argument concerning the failure of the SEC to pursue Bernard Madoff and for failing to pursue claims against those responsible for the collapse of the world banking system as irrelevant, inflammatory, misleading, and prejudicial pursuant to FRE 401. The Defendants agree that such evidence and argument should be excluded absent some action of the SEC to open the door during the trial. This motion is **granted by agreement**.

## Conclusion

1. Defendants' Motion in Limine to Exclude Pejorative References to Jarett Levan and Incorporated Memorandum of Law [ECF No. 150] is **denied**.
2. Defendants' Motion to Exclude the Testimony of Michael Sovis and Incorporated Memorandum of Law [ECF No. 151] is **denied.**
3. Defendants' Motion to Exclude Evidence and Testimony of Two Analysts Who Misread BBX's Public Filings and Incorporated Memorandum of Law [ECF No. 152] is **denied**.
4. Defendants' Motion in Limine to Exclude Evidence of Securities Fraud for Disclosures Prior to First Quarter 2007 and Incorporated Memorandum of Law [ECF No. 153] is **granted in part and denied in part.**
5. Defendants' Motion in Limine to Exclude the Testimony of Richard Bove or, in the Alternative, Any Reference by the SEC to the Civil Action Entitled BankAtlantic, et al. v. Richard Bove, et al. and Incorporated Memorandum of Law [ECF No. 154] is **granted in part.**

6. Defendants' Motion in Limine to Exclude New, Unpleaded Claim and Incorporated Memorandum of Law [ECF No. 157] is **denied.**
7. Defendants' Motion in Limine to Introduce Evidence of Non-Receipt of TARP Funds and Incorporated Memorandum of Law [ECF No. 160] is **granted.**
8. Defendants' Motion in Limine to Exclude Anonymous Letter to the SEC and Incorporated Memorandum of Law [ECF No. 165] (filed under seal) is **granted in part.**
9. Defendants' Motion in Limine to Exclude Certain Perry Alexander and Amy Engelberg Emails and Incorporated Memorandum of Law [ECF No. 164] (filed under seal) is **denied**.
10. Plaintiff SEC's Omnibus Motion in Limine and Incorporated Memorandum of Law [ECF No. 161] is **granted in part and denied in part.** Motions C and H are **granted**. Motions A, D, and F are **denied**. Motions E and G are **granted in part and denied in part.** The Court defers ruling on Motion B.

**DONE and ORDERED** in chambers at Miami, Florida on October 15, 2013.

_____
**Robert N. Scola, Jr.**
**United States District Judge**