UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 12-60082-CIV-GAYLES/TURNOFF

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

BANKATLANTIC BANCORP, INC. and
ALAN B. LEVAN,

    Defendants.
_____/

THIS CAUSE came before the Court on Defendants' Motion for Reconsideration Based on the United States Supreme Court's March 24, 2015 Decision in *Omnicare* [ECF 451]. The Court heard argument on August 27, 2015. The Court has carefully reviewed the Motion, the parties' submissions and arguments, the record, and the applicable law. As set forth at the hearing, the Court denies Defendants' Motion.

In his summary judgment order, United States District Judge Robert N. Scola found that certain statements made by Defendant Levan were false as a matter of law. In their latest motion for reconsideration, Defendants assert that the U.S. Supreme Court's decision in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S.Ct. 1318 (2015), supports entry of a judgment for the defendants as a matter of law. It does not.

In *Omnicare*, the Supreme Court clarified that a statement of opinion can violate securities laws if (1) the opinion qualifies as an untrue statement of fact (the opinion is not sincerely held by the speaker or the opinion is embedded with material false statements) or (2) the opinion has an omission of material facts which renders the opinion misleading (the speaker omitted material facts about the speaker's inquiry into or knowledge underlying the opinion and the omission

rendered the opinion misleading to reasonable investors). *Id.* The *Omnicare* decision has no application to this case because the statements at issue (made by Defendant Alan Levan) are not statements of opinion. They are, on their face, statements of fact. While not dispositive of the issue, it is worth noting that Mr. Levan did not use within his statements the typical qualifiers that signify expressions of opinion such as "I think" or "I believe."

The parties framed the issues of the case. Throughout this litigation, Defendants have asserted that Levan's statements constituted true statements of fact. Defendants never asserted in their motion for summary judgment or at trial that Levan's statements were expressions of opinion. Therefore, Defendants cannot, post-trial, change their defense in a new attempt to avoid liability.

Even if Defendants previously asserted in this case that Levan's statements were expressions of opinion, or if the statements could somehow broadly be interpreted as expressions of opinion, Judge Scola's ruling and the trial jury's verdict would still stand as (1) Levan's purported opinions were based on facts which were untrue and which were not sincerely believed by Levan at the time he made the statements and (2) the statements contained material omissions that were misleading to a reasonable investor. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion for Reconsideration Based on the United States Supreme Court's March 24, 2015 Decision in *Omnicare* [ECF 451] is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of August, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE